UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTIS DYER, | ) | 1:10-cv-01860-OWW-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | SUMMARILY DISMISS PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS |
| | ) | |
| KEN CLARK, | ) | ORDER DIRECTING THAT OBJECTIONS |
| | ) | BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 27, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). On October 29, 2010, the Court ordered Respondent to file a response to the petition. (Doc. 10). On December 28, 2010, Respondent filed the Answer. (Doc. 14). On January 26, 2011, Petitioner filed his Traverse. (Doc. 16).

Petitioner challenges the California court decisions upholding a April 2, 2008, decision of the California Board of Parole Hearings ("BPH"). In essence, Petitioner claims the California courts unreasonably determined that there was some evidence that he posed a current risk of danger to the public if released on parole and that the BPH's decision was arbitrary and was not based on "some evidence" in the record.

I. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks</u>, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 27, 2010, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of seventeen years-to-life imposed in the Los Angeles County Superior Court after Petitioner's 1990 conviction for second degree murder. (Doc. 1, p. 1).

1  Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the April
2  2, 2008 decision of the BPH finding him unsuitable for parole.
3     Petitioner raises the following grounds for relief: (1) the state court adjudications upholding
4  the BPH's decision are inadequate; (2) no evidence supports the BPH's denial of parole suitability;
5  (3) no nexus exists between the facts found by the BPH and Petitioner's current dangerousness; and,
6  (4) because the BPH's denial is based upon the unchanging facts of the commitment offense, it
7  violates due process. (Doc. 1, pp. 9-25).
8     A.  Substantive Due Process Claims And California's "Some Evidence" Standard
9     As discussed more fully below, the claims in the petition sound exclusively in substantive
10 federal due process and therefore are not cognizable in these proceedings.
11    The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of
12 Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless
13 he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts
14 shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in
15 custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§
16 2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.
17 Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section
18 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of
19 habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.
20 Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28
21 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted
22 in a decision that was contrary to, or involved an unreasonable application of, clearly established
23 Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that
24 was based on an unreasonable determination of the facts in light of the evidence presented in the
25 State court proceeding. 28 U.S.C. § 2254(d)(1), (2).
26    Because California's statutory parole scheme guarantees that prisoners will not be denied
27 parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held
28 that California law creates a liberty interest in parole that may be enforced under the Due Process

1  Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d
2  606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v.
3  Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed
4  reviewing federal district courts to determine whether California's application of California's "some
5  evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light
6  of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

7       On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,
8  562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the
9  United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the
10 Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth
11 Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty
12 interest.  Swarthout, 2011 WL 197627, *2.

13      However, the procedures required for a parole determination are the minimal requirements
14 set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.
15 2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'
16 claims that they were denied a liberty interest because there was an absence of "some evidence" to
17 support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

23 Swarthout, 2011 WL 197627, *2.

24      The Court concluded that the petitioners had received the due process to which they were
25 due:

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws.  Here, all four of the claims in the petition sound exclusively in substantive due process and are therefore foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain statutory or regulatory indicia, or for the BPH's exclusive reliance upon the unchanging circumstances of the commitment offense to support denial of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily dismissed.

Moreover, to the extent that these claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B.  Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Petitioner has included a transcript of the BPH hearing.  (Doc. 1, p. 29 et seq.).  From

1  that transcript, it is clear that Petitioner was present at the BPH hearing (id.), that he had an
2  opportunity to be heard (e.g., id., pp. 86-112), that he was represented by counsel who also attended
3  the hearing and argued on Petitioner's behalf (e.g., id., pp. 115-119), and that Petitioner received a
4  statement of the Board's reasons for denying parole.  (Doc. 1, pp. 122-133).
5       According to the Supreme Court, this is "the beginning and the end of the federal habeas
6  courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627.
7  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the
8  instant petition does not present cognizable claims for relief and should be summarily dismissed.

## RECOMMENDATION

10      For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for
11 writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon
12 which federal habeas relief can be granted.
13      This Findings and Recommendation is submitted to the United States District Court Judge
14 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of
15 the Local Rules of Practice for the United States District Court, Eastern District of California.
16 Within twenty (20) days after being served with a copy, any party may file written objections with
17 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
19 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
20 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
21 parties are advised that failure to file objections within the specified time may waive the right to
22 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 IT IS SO ORDERED.
25 Dated:  **March 2, 2011**                    /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE